UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KELLI LIONETTI and KERRI RICCARDO,<br><br>                    Plaintiffs,<br><br>    - against -<br><br>ANDREA GATES and GATES PHARMACEUTICAL CONSULTING, LLC, and JOHN DOES #1-#3, the names of which will be determined,<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Kelli Lionetti ("Lionetti") and Kerri Riccardo ("Riccardo") (collectively, "Lionetti" and "Riccardo are "Plaintiffs"), by their attorneys, Harris Beach PLLC, as and for their Complaint against Defendants Andrea Gates ("Gates") and Gates Pharmaceutical Consulting, LLC ("GPC") (collectively, "Gates" and "GPC" are "Defendants") allege as follows:

## SUMMARY OF ACTION

1.    This action seeks monetary damages and permanent injunctive relief arising from the various tortious conduct committed by Defendant Andrea Gates, a principal of Defendant GPS.

2.    Defendants' tortious conduct against Plaintiffs includes, but is not limited to, libelous statements made by Gates on February 3, 2014 concerning Plaintiffs to the business e-mail address of Karen Linehan, Executive Vice President, Legal Affairs and General Counsel of Sanofi, a significant client of Plaintiffs.

3.    Plaintiffs seek monetary damages from Defendants for these libelous statements, including but not limited to, compensatory damages and punitive damages.

4.    The amount of monetary damages will be determined at trial, but in no event are the damages suffered by Plaintiffs less than the statutory minimum set by this Court.

1

5. Gates' calculated actions have cause and are causing Plaintiffs to be exposed to, among other things, public ridicule and contempt.

6. Plaintiffs also seek permanent injunctive relief permanent restraining Gates, GPC and those acting in concert with them and/or their agents, servants, employees and attorneys and anyone in active concert or participation with the foregoing persons (collectively, "Gates' Agents") from: (i) contacting anyone, including but not limited to, any clients of Plaintiffs concerning Plaintiffs as set forth herein; (ii) making any libelous, slanderous and/or defamatory statements to anyone concerning Plaintiffs; and/or (iii) interfering with any business relations between and/or among anyone and Plaintiffs.

## PARTIES

7. Plaintiff Lionetti is a resident of the Town of New Canaan, State of Connecticut, and has a principal place of business located in Tarrytown, New York.

8. Plaintiff Riccardo is a resident of the City of Stamford, State of Connecticut, and has a principal place of business located in Tarrytown, New York.

9. Upon information and belief, Defendant Gates is an individual residing in the State of New Jersey.

10. Upon information and belief, Defendant GPC is a limited liability company with its principal offices located in the State of New Jersey.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between the parties to this action.

12. The amount in controversy in this action exceeds $75,000.

13. Venue is proper in this Court. *See* 28 U.S.C. § 1391(b).

**FACTUAL BACKGROUND**

A. **Gates' Awareness of the Contractual Relationship with Sanofi**

14. Plaintiffs are/were the owners of a medical communications company called Scientivity LLC located in Tarrytown, New York (the "Company") that is dedicated to serving the pharmaceutical industry and is owned by Lionetti and Riccardo.

15. One of the Company's significant clients is Sanofi, a premier pharmaceutical company.

16. The Company, through Lionetti and Riccardo provides various services to Sanofi in connection with the marketing and promotion of certain of Sanofi's pharmaceuticals and franchises.

17. Plaintiffs value their relationship with Sanofi and have worked actively and conscientiously to have the Company become one of Sanofi's most respected and reliable agencies and to strengthen Plaintiffs business relationship with Sanofi and others in the pharmaceutical industry.

18. Upon information and belief, Gates is aware of the Company's relationship with Sanofi because the Company retained Defendants to perform certain services for the Company for Sanofi.

19. Upon information and belief, Gates was motivated to cause Plaintiffs harm and detriment for the benefit of GPC and Gates, in which she is principal and for other reasons to be determined.

20. This motivation was caused in part by the deterioration of the business relationship between Plaintiffs and Defendants due to, among other things, Gates' refusal to correct work performed by Defendants for Plaintiffs and the Company and Gates' refusal to deliver work to Plaintiffs.

21. In fact, on or about January 2014, Gates threatened to cause Plaintiffs harm and "bring the clients into it."

22. Accordingly, on or about February 3, 2014, upon information and belief, Gates wrote an email to Karen Linehan, Executive Vice President, Legal Affairs and General Counsel of Sanofi, and made false and libelous statements about Plaintiffs Lionetti and Riccardo in the email (the "February Email") related to their trade and business. The February Email from Ms. Gates to Ms. Linehan states in relevant part:

> … Gates Pharmaceutical Consulting has severed its relationship with Scientivity and is likely to initiate litigation for the purpose of securing contractual payments. Efforts to resolve chronic payment delays in an amicable fashion have been unsuccessful. In fact, <u>one of the principals</u> of Scientivity was an owner of a medical communications agency that discharged debt via bankruptcy in 2010. (emphasis added)

23. Contrary to Gates' false and libelous statements, at no time did any entity in which Plaintiffs Lionetti and/or Riccardo held an ownership interest file for bankruptcy and/or be discharged of debt via bankruptcy.

24. In addition, following the libelous statements concerning Plaintiffs, Gates then seeks to solicit business from Sanofi in the February Email:

> … Can your office kindly advise the proper document management procedure for either destroying the relevant documents or mothballing the documents should the Global Diabetes Division desire to continue Gates Pharmaceutical Consulting's efforts via another medical communications agency?

25. Upon information and belief, Gates' actions in connection with the February Email and her statements therein were knowingly, willfully, and flagrantly designed to cause damage to the Company, and its owners, namely Lionetti and Riccardo, including but not limited to, damage to Plaintiffs' business relationship with Sanofi.

4

## AS AND FOR A FIRST CAUSE OF ACTION
**(Defamation/Libel *Per Se* For All Plaintiffs)**

26. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 to 25 hereof as if set forth fully herein.

27. The February Email was sent by Gates.

28. The February Email, as set forth above, is a verbatim reproduction of the email sent by Gates to the Sanofi email address of Karen Linehan, Sanofi's Executive Vice President, Legal Affairs and General Counsel.

29. The February Email alleges that Plaintiffs Lionetti and Riccardo were owners of an entity that declared bankruptcy.

30. The February Email impugns the creditworthiness of all Plaintiffs, including Scientivity, as well as the integrity of Plaintiffs.

31. The allegations in the February Email are false.

32. The statements made in the February Email constitute libel *per se*.

33. The statements made in the February Email are not protected by any privilege.

34. As a direct and proximate result of the February Email, Plaintiffs have been injured, and continue to be injured, in an amount to be determined at trial, but in no event, less than two million dollars ($2,000,000.00).

35. In addition, Lionetti's and Riccardo's reputations have been damaged through the February Email and the false allegations therein.

36. The February Email injures Plaintiffs in their trade, business and profession.

## AS AND FOR A SECOND CAUSE OFACTION
**(Permanent Injunction on Defendants' Wrongful Conduct)**

37. Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 to 36 hereof as if set forth fully herein.

5

38. A permanent injunction is necessary to enjoin Gates, GPC and Gates' Agents from making similarly libelous, slanderous and/or defamatory statements to Sanofi and/or communicating with anyone concerning Plaintiffs and/or their reputation, business and/or trade practices, including but not limited to, the confidential and proprietary information.

39. Plaintiffs will sustain ongoing and irreparable injury if Gates, GPC and Gates' Agents are not ordered to stop making libelous, slanderous and/or defamatory statements concerning Plaintiffs and/or their reputation, business and/or trade practices, including but not limited to, the confidential and proprietary information.

40. Plaintiffs are likely to succeed on the merits since it is clear that the February Email constitutes libel *per se*.

41. Indeed, the February Email contains false allegations that harm Plaintiffs' business, trade and reputation in the community.

42. In addition, upon information and belief, Gates was aware of Plaintiffs' business relationship with Sanofi and the sent the February Email with the intent of damaging that business relationship, and Plaintiffs have suffered damages as a result of Defendants' actions.

43. Further, upon information and belief, the February Email was sent by Gates with the intent of securing business directly for her company, GPC, to the detriment of Plaintiffs.

44. The equities clearly tip in favor of Plaintiffs since the February Email contains false allegations.

45. Gates' libelous comments are not protected speech but merely an instrument of and incidental to wrongful conduct calculated to injure Plaintiffs and interfere with Plaintiffs' business.

46. There exists no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION
**(Mandatory Injunction Requiring Defendants to Remedy Damages Caused)**

47.     Plaintiffs repeat and reiterate each and every allegation contained in paragraphs 1 to 46 hereof as if set forth fully herein.

48.     In order to rectify the damage to Plaintiffs, Gates and GPC must disclose to Plaintiffs the identities of anyone that Gates, GPC and/or Gates' Agents may have made libelous/defamatory statements to concerning Plaintiffs (the "Libel Recipients"), including the substance of such statements.

49.     Further, Gates must issue a sworn statement approved by Plaintiffs to the Libel Recipients that the statements made to them by Gates, GPC and/or Gates' Representatives were false and wrongfully made with the intent to, among things, cause damage to Plaintiffs, cause the Libel Recipients to view Plaintiffs in a negative manner and/or destroy or impair the business relationships and contracts between and/or among the Slander Recipients and Plaintiffs.

50.     Plaintiffs will sustain ongoing and irreparable damages if Gates, GPC and/or Gates' Agents are not ordered to take the foregoing actions to remedy the injuries caused to Plaintiffs to date.

**WHEREFORE**, it is respectfully requested that an order and judgment be made and entered as follows:

(A)     Finding Gates, GPC, and/or Gates' Agents liable of libel *per se* and awarding Plaintiffs compensatory and punitive damages in in an amount to be proven at trial but believed to be no less than two million $2,000,000, plus interest thereon; and

(B)     permanent enjoining Gates, GPC and Gates' Agents from contacting anyone concerning Plaintiffs and/or their reputation, business and/or trade practices, including but not limited to, Sanofi and/or any other clients of Plaintiffs; and

7

(C) permanently enjoining Gates, GPC and Gates' Agents from making any written or verbal statement concerning Plaintiffs which: (i) imputes to a person in his/her profession, trade or business any kind of incompetence, incapacity or unfitness; or (ii) which would cause a reasonable person to alter their opinion of the subject of the statement in a negative way, take the statements in the context in which they appear; and

(D) ordering Gates, GPC and Gates' Agents to identify to Plaintiffs any Libelous Recipients and inform such recipients that Gates, GPC and Gates' Agents made such statements to the Libelous Recipients out of malice and that they are false; and

(E) awarding Plaintiffs attorneys' fees, costs, and disbursements of this action and any other, further and different relief as to the Court seems just and proper.

Dated: White Plains, New York
       March 27, 2015

                              HARRIS BEACH PLLC

                              By: _____
                              Brian A. Bender
                              Peri A. Berger
                              445 Hamilton Avenue
                              Suite 1206
                              White Plains, New York 10601
                              (914) 683-1200
                              (914) 683-1210
                              Bbender@harrisbeach.com
                              pberger@harrisbeach.com